IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRAEMER BROTHERS, LLC : CIVIL ACTION
:
v. :
: No. 09-2027
:
SOVEREIGN ENVIRONMENTAL GROUP :

**MEMORANDUM**

Ludwig, J. January 14, 2010

This is a declaratory judgment and breach of contract action arising from a contractual indemnification provision. Jurisdiction is diversity. 28 U.S.C. § 1332. Defendant Sovereign Environmental Group moves to dismiss the complaint as premature. Fed. R. Civ. P. 12(b)(1). The motion must be denied.

Plaintiff Kraemer Brothers, LLC, was the general contractor for the construction of The Great Wolf Lodge in Tannersville, Pennsylvania. Kraemer contracted with defendant Sovereign Environmental Group to provide onsite construction safety personnel. The contract included an indemnification provision:

> Sovereign shall indemnify, <u>defend</u> and hold harmless client and its officers, directors and employees from and against any and all claim, including claims for personal injury or property damage, and any damages, losses or expense (including attorney's fees and court costs) to the extent caused by or resulting from acts or omissions of Sovereign, its agent, representatives or employees or Sovereign's failure to comply with this agreement.

Contract, Paragraph 9.1 (emphasis added).

On July 24, 2005, John Henning, an employee of a sheet-metal sub-contractor, was injured on the job site while descending a flight of unlit concrete stairs. On July 10, 2007, Henning

commenced a personal injury action in the Court of Common Pleas of Monroe Count against Kraemer and others, for damages in excess of $50,000. Kraemer has been, and continues to be, defending that action. Sovereign has not provided a defense, although called upon to do so.

According to the complaint, the contract requires Sovereign to provide indemnification <u>and</u> a defense under the contract. Sovereign moves to dismiss on the ground that no case or controversy exists and that claims for indemnity and attorneys' fees based upon unresolved lawsuits are premature. However, in the cases cited by Sovereign, attorneys' fees constituted damages to be collected as part of an indemnification award. In contrast, the contractual provision relied upon here by plaintiff specifically includes a duty to defend - alleged to have been triggered by the underlying state court action.

A duty to defend is separate and distinct from a duty to indemnify. <u>Jacobs Constructors, Inc. v. MPS Energy Services, Inc.</u>, 264 F.3d 365, 376 (3d Cir. 2001) (citations omitted). It is undisputed that Kraemer has made no payment in the pending state court action - either in the form of a settlement or judgment - and that therefore an action to declare the parties' rights to indemnification would be premature and subject to dismissal. However, Kraemer also is asking for a defense, in addition to indemnity. The issue whether the duty to defend was activated by the state court action is ripe. Sovereign's motion must be denied.

BY THE COURT:

 /s/ Edmund V. Ludwig   
Edmund V. Ludwig, J.

2