IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRAEMER BROTHERS, LLC : CIVIL ACTION
:
v. :
: No. 09-2027
:
SOVEREIGN ENVIRONMENTAL GROUP :

**MEMORANDUM**

Ludwig, J. February 24, 2010

On May 7, 2009, plaintiff Kraemer Brother, LLC filed a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging breach of a contractual indemnification provision by defendant Sovereign Environmental Group. Jurisdiction is diversity of citizenship. Sovereign moved to dismiss the action as premature and also on the ground of a lack of subject matter jurisdiction because the amount in controversy could not be met.[1] Fed. R. Civ. P. 12(b)(1). On January 14, 2010, the motion was denied. On January 25, 2010, Sovereign moved for reconsideration. Its motion will now be granted and the action dismissed.

With respect to subject matter jurisdiction, plaintiff's claim under the Declaratory Judgment Act does not itself confer subject matter jurisdiction, and claims under the act may proceed only if a separate, independent basis for the exercise of jurisdiction exists. Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc., 887 F.2d 1213 (3d Cir. 1989). Sovereign contests diversity jurisdiction because the complaint does not include allegations as to the amount in controversy sufficient to satisfy the

---

[1] The parties agree that no basis for federal question jurisdiction exists.

$75,000 jurisdictional requirement.[2] Kraemer responds that it can amend the complaint to cure this alleged deficiency. However, on reconsideration, the present record as to jurisdiction is deficient and, in the alternative, the action must be dismissed as premature.

The contractual provision forming the basis of Kraemer's claim against Sovereign reads as follows:

> Sovereign shall indemnify, defend and hold harmless client and its officers, directors and employees from and against any and all claim, including claims for personal injury or property damage, and any damages, losses or expense (including attorney's fees and court costs) <u>to the extent</u> caused by or resulting from acts or omissions of Sovereign, its agent, representatives or employees or Sovereign's failure to comply with this agreement.

Contract, Paragraph 9.1 (emphasis added).

The underlying case involves Kraemer's defense of a personal injury action commenced in the Court of Common Pleas of Monroe County by a John Hennings, who was injured on July 24, 2005 on the Great Wolf Lodge work site while descending a flight of unlighted concrete stairs. Sovereign is not a defendant in that action, and the complaint does not allege that Hennings' injuries were related in any way to Sovereign's conduct. <u>See</u> state court complaint, Exhibit "B" to plaintiff's complaint.

According to Kraemer, its contract requires Sovereign to provide indemnification and a defense under the contract. However, the relevant term in the indemnification and defense provision is - "to the extent caused by or resulting from acts or omissions of Sovereign. . . ." There

---

[2] The memorandum accompanying the January 14, 2010 order held that Kraemer's indemnification claim was premature because there had been no settlement or judgment. It left open Sovereign's duty to provide a defense.

is no allegation in John Hennings' complaint as to any act or omission on Sovereign's part. It therefore cannot be said that any basis exists for the indemnification or the defense provision to apply. This is an alternative finding should it be determined that subject matter jurisdiction is present.

This action for a declaratory judgment must therefore be dismissed.

BY THE COURT:

 /s/ Edmund V. Ludwig 
Edmund V. Ludwig, J.